[Cite as *State v. Taylor*, 2018-Ohio-1497.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case Nos. 17CA81 |
| ANTHONY TAYLOR, JR. | : | 17CA82 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case Nos. 2014CR360 and 2014CR529


JUDGMENT: Affirmed


DATE OF JUDGMENT: April 18, 2018


APPEARANCES:

For Plaintiff-Appellee

JOSEPH SNYDER
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

WILLIAM C. FITHIAN, III
111 North Main Street
Mansfield, OH 44902

ANTHONY TAYLOR, JR.
Inmate No. 701820
MANCI
1150 North Main Street
Mansfield, OH 44901

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Anthony Taylor, Jr., appeals the August 28, 2017 journal entries of the Court of Common Pleas of Richland County, Ohio, finding him guilty of committing probation violations and sentencing him accordingly.  Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 6, 2014, the Richland County Grand Jury indicted appellant on three counts of aggravated trafficking in drugs in violation of R.C. 2925.03 (Case No. 14CR360).

{¶ 3}   On August 12, 2014, the Richland County Grand Jury indicted appellant on two counts of possession of cocaine and heroin in violation of R.C. 2925.11 (Case No. 14CR529).

{¶ 4}   On September 25, 2014, appellant pled guilty to the charges in the indictments.  By sentencing entry filed November 6, 2014 in Case No. 14CR360, the trial court sentenced appellant to two years in prison followed by four years of community control.  By sentencing entry filed November 7, 2014 in Case No. 14CR529, the trial court sentenced appellant to four years of community control to be served after his release from prison.  In each case, the trial court notified appellant of the consequences for violating his postrelease control and his community control.

{¶ 5}   On August 11, 2017, in Case No. 14CR529, appellant's probation officer filed a notice of alleged probation violations.  The violations alleged appellant possessed or had under his control: 1) a 9mm pistol; 2) approximately 400 rounds of 9mm ammunition; 3) marijuana; 4) Ecstasy; 5) Oxycontin; and 6) drug instruments (scales).

{¶ 6}  On August 22, 2017, in Case No. 14CR360, appellant was served with the identical alleged probation violations just prior to the hearing commencing on same date. Appellant was represented by counsel.  The trial court heard testimony from appellant's probation officer, Luke Mayer.  The sentencing portion of the hearing was held on August 25, 2017.  By journal entries filed August 28, 2017, the trial court found appellant guilty of all the violations except for the first violation (9mm pistol) and the sixth violation (drug instruments).  In Case No. 14CR360, the trial court sentenced appellant to thirty-seven months in prison.  In Case No. 14CR529, the trial court sentenced appellant to twenty-two months in prison.  The sentences were ordered to be served consecutively for a total of fifty-nine months in prison.

{¶ 7}  On September 26, 2017, appellant filed a notice of appeal, appealing the journal entries in each case.

{¶ 8}  On January 23, 2018, appointed counsel for appellant filed a motion to withdraw in each case pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), informing this court "there is nothing in the record on appeal which would support an attack on the judgment by direct review."  Appointed counsel notified appellant, and provided him with copies of the transcripts from his hearings, as well as relevant research and applicable statutes.  Appointed counsel filed a brief in each case, identical, which he also provided to appellant, and informed appellant he could file his own briefs.  By judgment entries filed February 8, 2018, this court notified appellant that he may file pro se briefs in support of his appeals on or before March 9, 2018.  Appellant has not filed any pro se briefs.

{¶ 9}   This matter is now before this court for consideration.  Assignment of error in each case is as follows:

I

{¶ 10} "COUNSEL MOVES THIS COURT TO CONDUCT AN INDEPENDENT REVIEW OF THE RECORDS IN ACCORDANCE WITH ANDERS VS. CALIFORNIA, 386 U.S. 738 (1967) TO DETERMINE WHETHER PREJUDICIAL ERROR OCCURRED."

I

{¶ 11} In *Anders* at 744, the United States Supreme Court held if, after a conscientious examination of the record, appellant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  *Id.*  Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses.  *Id.*  Once appellant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  *Id.*

{¶ 12} Upon review, we find appellant's counsel in this matter has followed the procedures required by *Anders.* We turn to the merits of the potential assignment of error.

{¶ 13} Counsel asks this court to conduct an independent review of the record to determine whether prejudicial error occurred.

{¶ 14} Our review indicates appellant was properly served with the alleged probation violations. He was given the opportunity to be heard and defend against the allegations in a hearing. He was represented by counsel who cross-examined Mr. Mayer. The trial court heard evidence to support four of the six alleged probation violations. August 22, 2017 T. at 8-15. The trial court found appellant guilty of the four alleged probation violations, and sentenced him in each case to less than the potential violation sentences noted in the original sentencing entries. August 22, 2017 T. at 19, 24-25, 27-28; August 25, 2017 T. at 37-39. The trial court entered appropriate findings for imposing consecutive sentences, and properly informed appellant of postrelease control. August 22, 2017 T. at 26-27; August 25, 2017 T. at 37-38. The journal entries contain the required elements.

{¶ 15} After independently reviewing the record, including all filings and the transcripts of the hearings, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal in either case.  Hence, we find the appeals in each case to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgments of the Court of Common Pleas of Richland County, Ohio.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/db 410